UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS NIEVES, | : |
| Plaintiff, | : CIVIL ACTION NO. 4:22-16 |
| v. | : (JUDGE MANNION) |
| VITO T. GEROULO, et al., | : |
| Defendants. | : |

## ORDER

Pending before the court are plaintiff's motion to proceed *in forma pauperis* (Doc. 7) and motion to appoint counsel (Doc. 19). Also pending before the court is Magistrate Judge Arbuckle's report and recommendation, (Doc. 16), pertaining to plaintiff's motion to proceed *in forma pauperis*, (Doc. 7). Plaintiff filed an objection to the report and recommendation of Judge Arbuckle. (Doc. 18). Plaintiff's motions are now ripe for disposition.

### I. STANDARD OF REVIEW[1]

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

---

[1] The court will not repeat the factual or procedural background as Judge Arbuckle has already provided a sufficient background in his report and recommendation.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.  DISCUSSION

Judge Arbuckle has properly established the pertinent law for the plaintiff's current motion. The Prison Litigation Reform Act (hereinafter "PLRA") seeks to stem frivolous lawsuits from prisoners. Here, Luis Nieves

(hereinafter "Nieves") has filed three previous lawsuits that qualify as strikes under the PLRA: Nieves v. Pennsylvania, No. 3:18-CV-1253, 2020 WL 265556, at *1 (M.D. Pa. Jan. 16, 2020) (dismissing case for "failure to state a claim upon which relief may be granted."); Luis Nieves v. Warden et al., No. 3:19-CV-0507 (M.D. Pa. Oct. 28, 2019) (dismissing case for "failure to state a claim upon which relief may be granted."); Luis Nieves v. Geroulo et al., No. 4:20-CV-0777 (M.D. Pa. Mar. 5, 2021) (dismissing case for "failure to state a claim upon which relief may be granted.").

There is an exception to the PLRA's three strike rule for a plaintiff in imminent danger of serious physical injury. However, Judge Arbuckle explained that the plaintiff identifies no imminent danger. Nieves alleges a conspiracy between judges, police, district attorneys, and defense attorneys. None of Nieves' allegations present an imminent danger of serious physical injury. Therefore, the court agrees with Judge Arbuckle that Nieves fails to allege he is in imminent danger of serious physical injury as required by the PLRA.

Nieves objects to Judge Arbuckle's report and recommendation on the grounds that a conspiracy exists amongst state police officers, judges, prosecutors, defense attorneys, and prison officials. While plaintiff presents a varying array of events throughout his interactions with the state court

system, none of his claims satisfy the imminent danger of serious physical injury exception to the PLRA. The imminent danger exception is designed "for genuine emergencies," when "a threat ... is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff identifies no real and proximate threat, yet alone an imminent danger of serious physical injury.

Upon review, the court agrees with the sound reasoning which led Judge Arbuckle to his conclusions. As such, the court will adopt the report and recommendation as the decision of the court.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

(1) Plaintiff's motion for leave to proceed *in forma pauperis*, (Doc. 7), is **DENIED**.

(2) Plaintiff's case is **DISMISSED** pursuant to 28 U.S.C. §1915(g) because plaintiff has accrued three "strikes" and has not demonstrated that he is in imminent danger of serious physical injury.

(3) All pending motions, (Doc. 19), are dismissed as **MOOT**.

(4) The clerk of the court is directed to **CLOSE THE CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 14, 2022**
22-16-01